**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

_____

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | CRIMINAL ACTION |
| | : | |
| v. | : | |
| | : | NO. 12-33 |
| EVENS CLAUDE | : | |

_____

**DuBOIS, J.**                                                                                                    **January 29, 2013**

### M E M O R A N D U M

**I.     INTRODUCTION**

On June 6, 2012, a grand jury returned a Superseding Indictment charging defendant Evens Claude with two counts of conspiracy in violation of 18 U.S.C. § 371, seven counts of possessing and/or passing counterfeit currency in violation of 18 U.S.C. § 472, six counts of access device fraud in violation of 18 U.S.C. § 1029(a)(2), eight counts of aggravated identity theft in violation of 18 U.S.C. § 1028A, two counts of bank fraud in violation of 18 U.S.C. § 1344, and twenty-three counts charging aiding and abetting in violation of 18 U.S.C. § 2. Presently before the Court is the Government's Motion in Limine to Admit Evidence of Defendant Evens Claude's Prior Conviction for Conspiracy, Passing, Uttering and Possessing Counterfeit Currency. The Court held oral argument on the motion on January 25, 2013. For the reasons set forth below, the Court denies the Government's motion.

**II.     BACKGROUND**

The Superseding Indictment charges defendant Evens Claude with, inter alia, from in or about April 2010 through on or about June 18, 2010, conspiracy to traffic, possess, pass, and utter counterfeit currency. It also charges him with, inter alia, seven counts of possessing and/or

1

passing counterfeit currency on various dates from on or about April 24, 2010 through on or about June 18, 2010.

The Government now seeks to introduce defendant's prior conviction for conspiracy and passing, uttering, and possessing counterfeit currency, in violation of 18 U.S.C. §§ 371 and 472, on January 31, 2012. (Mot. at 1.) That conviction was based on possessing and/or passing approximately $10,700 in counterfeit currency in Texas on June 18, 2010. The Government argues that it is "connected with and related to the counterfeiting conspiracy charged" in the instant case. (Mot. at 2.) It seeks the admission of this prior conviction under Federal Rules of Evidence 401 and 404(b).

## III. LEGAL STANDARD

Federal Rule of Evidence 401 provides that, "Evidence is relevant if: (a) it has any tendency to make a fact more or less probable than it would be without the evidence; and (b) the fact is of consequence in determining the action."

Rule 404(b) generally prohibits the admission of evidence of past convictions as propensity evidence:

> (1) Prohibited Uses. Evidence of a crime, wrong, or other act is not admissible to prove a person's character in order to show that on a particular occasion the person acted in accordance with the character.

However, "[t]his evidence may be admissible for another purpose, such as proving motive, opportunity, intent, preparation, plan, knowledge, identity, absence of mistake, or lack of accident." Fed. R. Evid. 404(b)(2).

In the Third Circuit, courts employ the following four-part test to evaluate the admissibility of evidence under Rule 404(b):

> Evidence of uncharged crimes or wrongs must (1) have a proper evidentiary purpose; (2) be relevant; (3) satisfy Rule 403; and (4) be accompanied by a limiting instruction (where requested) about the purpose for which the jury may consider it.

United States v. Green, 617 F.3d 233, 249 (3d Cir. 2010). A proper purpose exists where the evidence is "probative of a material issue other than character." Id. at 250 (quoting Huddleston v. United States, 485 U.S. 681, 686 (1988)). This means the evidence "must fit 'into a chain of logical inferences, no link of which may be the inference that the defendant has the propensity to commit the crime charged.'" Id. (quoting United States v. Himelwright, 42 F.3d 777, 782 (3d Cir. 1994)).

In the third step of the Rule 404(b) analysis, a court must evaluate the evidence under Rule 403. Rule 403 bars the introduction of evidence where its "probative value is substantially outweighed by the danger of unfair prejudice." Several factors are relevant in the weighing process, including: (1) the need for the evidence in light of the contested issues and the other evidence available to the prosecution, (2) the strength of the evidence in proving the issue, and (3) the danger the evidence will inflame the jury and lead to a decision on an improper basis. United States v. Sriyuth, 98 F.3d 739, 748 (3d Cir. 1996) (quoting United States v. Cook, 538 F.2d 1000, 1003 (3d Cir. 1976)). "[A] significant danger of undue prejudice will be found to exist where there are 'substantial possibilities ... that a jury will harbor strong adverse sensitivity' to the challenged evidence. In order to overcome this significant risk of unfair prejudice, the government must prove necessity." Id. (quoting Cook, 538 F.2d at 1003).

IV. DISCUSSION

The question presented by the motion is whether Rules 404(b) and 403 bar the admission of evidence of the conviction. The Government argues that defendant's 2012 conviction for

3

conspiracy and passing, uttering, and possessing counterfeit currency should be admitted as it tends to demonstrate that defendant acted knowingly, intentionally, and without mistake when he possessed and/or passed counterfeit currency during the period charged in the Superseding Indictment and that, as such, it is admissible under Rule 404(b). Defendant counters that the evidence is simply being introduced to show propensity and would be unfairly prejudicial.

There is no doubt the evidence of defendant's prior conviction is relevant under Rule 401. Moreover, the Government has articulated a permissible evidentiary purpose for the evidence under Rule 404(b). Defendant's familiarity with counterfeit currency makes it less likely he possessed and/or passed such currency unknowingly, mistakenly, or with innocent intent. This is a non-propensity basis for admission under Rule 404(b). See United States v. Givan, 320 F.3d 452, 461 (3d Cir. 2003) ("Knowledge, intent, and lack of mistake or accident are well-established non-propensity purposes for admitting evidence of prior crimes or acts.").

However, before admitting evidence of the conviction, the Court must perform the weighing required by Rule 403, using the Sriyuth factors. First, the government's need for the evidence is minimal. Although defendant's knowledge and intent are issues that will be raised at trial, the Government has many other avenues available to it to establish its case. For example, the Government intends to use testimony from co-conspirators against defendant, as well as corroborating store surveillance video and evidence from law enforcement actions. The Government also intends to introduce evidence from the U.S. Secret Service investigation to establish that the currency was in fact counterfeit. Second, the evidence of the prior conviction is quite strong evidence that defendant possessed and/or passed counterfeit currency in this case. More significant, however, is the fact that the prior conviction was for conduct almost identical to that charged in this case and it occurred on June 18, 2010, the last day of the counterfeit

4

currency conspiracy charged in this case.  Those circumstances create a substantial danger that the jury will use the prior conviction to find defendant guilty of the charges in this case.

When there is evidence presented that the accused has been convicted of the same crime during the same time period, there is "inevitable pressure on lay jurors to believe that 'if he did it before he probably did so this time.'"  United States v. Cherry, No. 10–CR–091, 2010 WL 3156529, at *6 (E.D.Pa. Aug. 10, 2010) (quoting Gordon v. United States, 383 F.2d 936, 940 (D.C. Cir. 1967)).  For that reason, the Court concludes under Rule 403 that the probative value of the prior conviction is substantially outweighed by the danger of unfair prejudice.

**V.     CONCLUSION**

For the foregoing reasons, the Government's Motion in Limine to Admit Evidence of Defendant Evens Claude's Prior Conviction for Conspiracy, Passing, Uttering and Possessing Counterfeit Currency is denied.

An appropriate order follows.