IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| **UNITED STATES** | **CRIMINAL ACTION** |
| v. | |
| **EVENS CLAUDE** | **NO. 12-33-01** |

DuBois, J.                                                                                                December 3, 2020

## M E M O R A N D U M

### I.     INTRODUCTION

*Pro se* defendant, Evens Claude, is an inmate at the Federal Detention Center in Philadelphia, Pennsylvania ("FDC Philadelphia").  Presently before the Court is *Pro Se* Defendant's Motion for Release Due to Extraordinary and Compelling Circumstances Pursuant to 18 U.S.C. [§] 3582(c)(1)(A)(i) (Document No. 501, filed September 9, 2020).  For the reasons that follow, the Motion is denied.

### II.    BACKGROUND

On February 15, 2013, *pro se* defendant was found guilty on two counts of bank fraud, six counts of access device fraud, eight counts of aggravated identity theft, and counterfeit currency conspiracy and substantive offenses following a jury trial.  He was sentenced by the Court on August 29, 2014 to, *inter alia*, 232 months' imprisonment. His estimated release date is October 25, 2028.  Def.'s Mot. 3.

On August 27, 2020, *pro se* defendant filed a request for compassionate release with the Warden of FDC Philadelphia.  Def.'s Mot. 3; Def.'s Ex. 18.  The Warden did not respond.[1]

---

[1] A defendant may only petition a court for compassionate release pursuant to 18 U.S.C. § 3582(c)(1)(A)(i) after (1) "fully exhaust[ing] all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on [his] behalf" or (2) "the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier."  18 U.S.C. § 3582(c)(1)(A).  The Third Circuit has held that "strict compliance with § 3582(c)(1)(A)'s exhaustion requirement" has "critical . . . importance."  *United States v. Raia*, 954 F.3d 594, 597 (3d Cir. 2020).

Def.'s Mot. 3.  On September 9, 2020, *pro se* defendant filed the pending Motion for Compassionate Release.² In the Motion, *pro se* defendant argues he should receive an eight-year sentence reduction—making him immediately eligible for release—because he provided "substantial assistance to the D.E.A. of New Jersey."  Def.'s Mot. 2.  The motion is based on the argument that while at the Federal Correctional Institution at Fort Dix, New Jersey, *pro se* defendant and another inmate "helped the D.E.A. busted [sic] someone with multiple kilos of cocaine."³  *Id.*  According to *pro se* defendant, the other inmate received a four-year sentence reduction under Federal Rule of Criminal Procedure Rule 35(b).  *Id.*  *Pro se* defendant claims that his own "substantial assistance was far more substantial than" the other inmate's, and so he should "receiv[e] a sentence reduction of atleast [sic] twice" that of the other inmate.  *Id.* at 8.

The government filed a Response on September 24, 2020.  *Pro se* defendant filed a Reply on October 5, 2020.  The Motion is thus ripe for decision.

### III. DISCUSSION

#### a. Applicable Law

18 U.S.C. § 3582(c) allows a sentencing court to reduce a term of imprisonment in three circumstances: (1) where "extraordinary and compelling reasons warrant such a reduction," known as compassionate release; (2) upon a motion filed pursuant to Federal Rule of Criminal Procedure 35; and (3) "in the case of a defendant who has been sentenced to a term of

---

² This is *pro se* defendant's sixth Motion for Compassionate Release.  The first Motion, filed May 26, 2020, was marked withdrawn by agreement.  The second Motion, filed June 3, 2020, was denied and dismissed on August 25, 2020 because *pro se* defendant's alleged health conditions did not present extraordinary and compelling circumstances.  *Pro se* defendant has filed a Motion for Reconsideration of that Memorandum and Order.  The third, fourth, and fifth Motions were "denied without prejudice to *pro se* defendant's right to file a single motion in which he includes reference to all facts and arguments not covered in his initial motions for compassionate release and the Court's Memorandum and Order dated August 25, 2020."  Document No. 498.
³ *Pro se* defendant does not state when these alleged events occurred.  Although the government disputes the extent of *pro se* defendant's assistance in the drug trafficking investigation, the government reports the investigation occurred in June 2015 and led to an arrest in January 2016.  Gov't's Resp. at 4.

imprisonment based on a sentencing range that has subsequently been lowered." 18 U.S.C. § 3582(c).  *Pro se* defendant seeks a sentence reduction pursuant to the first of the three bases for relief under 18 U.S.C. § 3582(c)(1)(A)—extraordinary and compelling reasons

Under § 3582(c)(1)(A), as amended by the First Step Act of 2018, Pub. L. No. 115-391, 132 Stat. 5194 (2018), a federal prisoner may petition a court for compassionate release based on "extraordinary and compelling reasons" after first requesting compassionate release from the prison warden.  18 U.S.C. 3582(c)(1)(A)(i).  Generally, "extraordinary" means "[b]eyond what is usual, customary, regular, or common," and a "compelling need" is a "need so great that irreparable harm or injustice would result if it is not met."  *United States v. Rodriguez*, 451 F. Supp. 3d 392, 401 (E.D. Pa. 2020) (quoting *Extraordinary*, Black's Law Dictionary (11th ed. 2019)).  For purposes of § 3582(c)(1)(A)(i), "extraordinary and compelling reasons" were previously defined by a policy statement in § 1B1.13 of the United States Sentencing Guidelines, which cited the medical condition, age, and family circumstances of the defendant along with "other reasons" as determined by the BOP.  U.S.S.G. § 1B1.13 cmt. n.1(A)-(D).  Although courts have concluded that this policy statement is no longer binding after enactment of the First Step Act, the "old policy statement provides helpful guidance" for courts applying § 3582(c)(1)(A)(i).  *United States v. Beck*, No. 13-cr-186, 2019 WL 2716505, at *6 (M.D.N.C. June 28, 2019); *see also Coleman v. United States*, No. CV 20-1769, 2020 WL 2079406, at *6 (E.D. Pa. Apr. 30, 2020) (DuBois, J.).

If a court finds that a defendant presents extraordinary and compelling reasons warranting compassionate release, the court then considers whether the defendant would present "a danger to any other person or to the community, as provided in 18 U.S.C.§ 3142(g)," U.S.S.G. § 1B1.13(2), and whether a sentence reduction would be consistent with the factors enumerated

in 28 U.S.C. § 3582(c)(1)(A).  *United States v. Babbitt*, No. 18-cr-384, 2020 WL 6153608, at *19 (E.D. Pa. Oct. 21, 2020).

### b. *Pro Se* Defendant's Motion for Compassionate Release

*Pro se* defendant argues the "substantial assistance" he allegedly provided the government in the prison drug investigation constitutes "extraordinary and compelling reasons" justifying his release under 18 U.S.C. § 3582(c)(1)(A).  Def.'s Mot. 2.  In response, the government argues, *inter alia*, that a "[r]eduction of sentence for post-sentencing cooperation requires a Rule 35 motion from the government" and therefore cannot be raised by a defendant through a motion for compassionate release under § 3582(c)(1)(A).  Gov't's Resp. at 6.  The Court agrees with the government on this issue.

Under Rule 35, the government may file a motion to reduce a defendant's sentence "if the defendant, after sentencing, provided substantial assistance in investigating or prosecuting another person."  Fed. R. Cr. P. 35(b)(1).  A defendant is not permitted to file a Rule 35 Motion to reduce his own sentence.  *Id.*

Although *pro se* defendant does not seek relief under Rule 35, his Motion is based on the proposition that substantial assistance may constitute an extraordinary and compelling reason for a sentence reduction.  Significantly, there is no authority for the proposition that the First Step Act amended Rule 35 so as to permit defendants to seek a reduction of a sentence for substantial assistance.

Prior to the First Step Act, the Bureau of Prisons "had the exclusive authority to move for a sentence reduction" based on extraordinary and compelling reasons.  *Babbitt*, 2020 WL 6153608, at *5.  However, the BOP made "inconsistent and infrequent use of the compassionate release mechanism."  *Id.*  In response, Congress changed the process for obtaining

compassionate release, allowing defendants, after exhausting administrative remedies, to move for a sentence reduction. *Id*. In this way, Congress shifted the BOP's "gatekeeping" role of identifying "extraordinary and compelling reasons" to the courts. *Id.* at 8.

In contrast, Congress has taken no such action with respect to Rule 35 motions. *Pro se* defendant has presented no authority, nor has the Court found any, that suggests Congress intended the First Step Act to authorize a defendant to seek release for substantial assistance, as provided in Rule 35, under the guise of a motion for compassionate release. The Court thus concludes that only the government may file a motion seeking a sentence reduction for substantial assistance. Although courts may consider a defendant's substantial assistance insofar as it is a relevant factor in each step of the compassionate release framework, substantial assistance is not itself an extraordinary and compelling reason warranting compassionate release under § 3582(c)(1)(A)(i). *See United States v. Nunez*, No. 17-cr-58-1, 2020 WL 5237272, at *5 (E.D. Pa. Sept. 1, 2020) (considering defendant's substantial assistance as evidence that defendant was not a danger to the community); *United States v. Scarpa*, No. 94-cr-1119-1, 2020 WL 6591455, at *1 (E.D.N.Y Nov. 11, 2020) (considering defendant's substantial assistance as evidence of defendant's rehabilitation but noting that rehabilitation alone is not an extraordinary and compelling reason); *United States v. Glover*, No. 11-cr-290, 2020 WL 5712397, at *3 (E.D. La. Sept. 24, 2020) (considering defendant's substantial assistance in the court's analysis of the § 3553 factors). Accordingly, the Court concludes *pro se* defendant has not presented extraordinary and compelling reasons justifying his release.[4]

---

[4] Because of the Court's ruling, it does not address the other issues raised in the motion papers.

**IV.    CONCLUSION**

For the foregoing reasons, *Pro Se* Defendant's Motion for Release Due to Extraordinary and Compelling Circumstances Pursuant to 18 U.S.C. [§] 3582(c)(1)(A)(i) is denied. An appropriate order follows.